UNITED STATES DISTRICT
COURT FOR THE DISTRICT
OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL ANTHONY BRYANT<br><br>Defendant. | Crim. Action No.:<br>25MJ173 |

**PAUL ANTHONY BRYANT'S OPPOSITION TO GOVERNMENT'S
APPEAL OF MAGISTRATE COURT DECISION**

Paul Anthony Bryant, by and through undersigned counsel from the Office of the Federal Public Defender, respectfully moves this Court to swiftly deny the government's requests. In support of this Motion, counsel states the following:

If the government had even a shred of credibility left, it has now obliterated it. These charges are flimsy at best, yet the government would have this Court believe that no combination of conditions could reasonably ensure the safety of the community when the accused is a decorated Army lieutenant, a graduate of West Point and Columbia Law School, a former Covington associate, a member of the D.C. Bar, and an Officer of this Court—with zero criminal history. That argument is not just wrong; it is reckless. If the Bail Reform Act truly demands Mr. Bryant's detention under these facts, then the statute has no meaningful application and no defendant could ever walk free.

I.  **Legal Standard**

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(b) and (c)(1)(B).  The Supreme Court has explained:  "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755(1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose.").  "Nothing in this section shall be construed as modifying or limiting the presumption of innocence."  18 U.S.C. § 3142(j).  As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.).  Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* at 1405.  No rebuttable presumption for detention applies in this case so the presumption of release persists.

It is the government's burden to demonstrate by clear and convincing evidence that preventative detention is necessary to ensure the safety of the community. *See United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985) (Breyer, J.).  Under the Bail Reform Act, the Court must consider the following factors when determining whether

the government has presented sufficient evidence that Mr. Bryant be detained: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the person charged; and (4) the nature and seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. § 3142(g).

This Court has the authority to review the Magistrate Judge's release order pursuant to 18 U.S.C. § 3145(a)(1). The Court interprets the Bail Reform Act and any terms therein *de novo*. *United States v. Hanson*, 613 F. Supp. 2d 85, 88 (D.D.C. 2009). However, the magistrate court's factual findings, including the findings that the government failed to prove that no combination of conditions can assure a defendant's appearance in court or the safety of the community, are reviewed for only for clear error. *United States v. Smith*, 79 F.3d 1208 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987) (court "satisfied that [lower court's] finding that no condition or combination of conditions will assure the safety of the community is supported by clear and convincing evidence and is not clearly erroneous"; "Whether the release of a particular individual will pose a danger to the community is a question of fact to be determined by the judicial officer following the detention hearing . . . ; we will sustain that determination unless clearly erroneous.");[1] *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (whether

---

[1] In *Simpkins*, the court clearly states that it found the magistrate determination as to risk of flight to not be clearly erroneous and acknowledged that the Bail Reform Act did not provide explicit guidance with respect to the standard of review to be applied to each of the findings – but ultimately decides that it does not need to address that question because under any standard of review it found detention to be appropriate. *Id*. at 96.

a package of bail conditions will prevent danger to the community is reviewed for clear error).² In other words, this Court's "task is to determine" whether the Magistrate Judge clearly erred when it found that the government failed to present clear and convincing evidence that no combination of conditions of release can protect the safety of a person or the community. *Simpkins*, 826 F.2d at 96.

II. **Argument**

A. **The Magistrate Judge's Factual Finding that the Government Failed to Meet Its Burden to Demonstrate that There are no Conditions or Combination of Conditions that would Reasonably Assure the Safety of the Community Was Not Clearly Erroneous.**

---

² In *United States v. Manafort*, 897 F.3d 340, 345 n.2 (D.C. Cir. 2018), the D.C. Circuit observed that:

> [a]lthough we have previously characterized a finding of dangerousness in a detention determination as a finding of fact to be reviewed for clear error, *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (per curiam) (citing *Simpkins*, 826 F.2d at 96), we have never addressed detention based upon a finding that the defendant was unlikely to abide by conditions of release. Other circuits have taken varying approaches to review of detention orders. Some treat the ultimate determinations of dangerousness, risk of flight, or likelihood of abiding by conditions of release as factual findings to which a clear error standard of review applies. *See United States v. English*, 629 F.3d 311, 319 (2d Cir. 2011); *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc); *United States v. Gotti*, 794 F.2d 773, 779 (2d Cir. 1986). Others have applied what has been described as "independent review" with some deference to the district court. *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990); *United States v. Portes*, 786 F.2d 758, 762 (7th Cir. 1985). Still other courts defer to the district-court factual findings, but treat "conclusions based on such factual findings," including the necessity of detention, as mixed questions of fact and law, reviewed de novo. *See United States v. Howard*, 793 F.3d 1113, 1113 (9th Cir. 2015) (citing *United States v. Hir*, 517 F.3d 1081, 1086-87 (9th Cir. 2008)); *accord United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (reviewing "the ultimate question whether detention is warranted" de novo). We leave resolution of these thorny questions for another day when they are fully presented and briefed.

The D.C. Circuit reiterated the clear and convincing standard that the government must meet to justify detaining a defendant as a danger to the community:

> The crux of the constitutional justification for preventive detention under the Bail Reform Act is that '[w]hen the Government proves by clear and convincing evidence that *an arrestee presents an identified and articulable threat to an individual or the community*, . . . a court may disable the arrestee from executing that threat. . . . Therefore, to order a defendant preventatively detained, a court must identify an articulable threat posed by the defendant to an individual or the community.

*United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021) (quoting *Salerno*, 481 U.S. at 751) (emphasis added); *see also United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991) (explaining that the defendant must pose an actual danger to community, not that the defendant in theory posed a danger to the community). The government cannot meet its burden here and Mr. Bryant should be released on personal recognizance. The Bail Reform Act factors demonstrate that there are conditions or combinations of conditions that can reasonably assure Mr. Bryant appearance at trial and protect the public.

**1. The Nature and Circumstances of the Offense**

Every relevant factor in this case weighs heavily in favor of release. The government clings to a single contention—that 18 U.S.C. § 115(a)(1)(B) qualifies as a "crime of violence." But that is not the end of the analysis; the statute requires an individualized assessment, and here the facts simply do not support detention. At most, the allegations amount to words—"I'll kill you"—followed by a shoulder check. To inflate that into a basis for pretrial detention is an overreach of the highest order. The government then attempts to inflame the Court with images of firearms that

were lawfully purchased, properly registered in the District, and carried under a valid license. In fact, their own recitation of the facts reflects that Mr. Bryant carried his firearm in compliance with safety training—separate from its magazine. And the broader context cannot be ignored: an armed military presence occupying our streets, engaging in conduct far from professional. Under any reasonable application of the Bail Reform Act, this factor does not merely favor release—it compels it.

### 2. The Weight of the Evidence

The weight of the evidence does not simply favor release—it obliterates the government's position. This entire case hinges on the unverified word of an occupying force whose conduct in this very encounter is in question. These individuals wore no body cameras, produced no contemporaneous recordings, and left not a single piece of direct evidence to corroborate their account. That omission is not happenstance; it is a glaring red flag. In counsel's experience handling dozens of federal threat prosecutions across the country, the government has never brought a case devoid of a recording—because without one, the claim is inherently suspect. If this is the best evidence the government can muster, its case is built on sand. The reality is clear: on these facts, the government would be hard-pressed to convince a grand jury, let alone secure a conviction at trial.

The import of the "weight of the evidence" factor comes from the defendant's perception of the evidence, that is, in Judge Patrica Wald's words, "a low chance of conviction suggests little reason to flee." *Judge Wald on Bail Reform Act*, 33 JBDC 1933.     https://dcchs.org/wp-content/uploads/2018/11/Judge-Wald-on-Bail-Reform-

Act-33-JBDC-1966.pdf. That "low chance" is all that exists here because there is no hard evidence. *See also United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972) ("We think that the least weight should be given to the weight of the evidence against the accused" and "The whole spirit of the Bail Reform Act is that a defendant facing trial should be released, rather than detained, unless there are strong reasons for not releasing him).

### 3. The History and Characteristics of Mr. Bryant

Mr. Bryant is a thirty-five-year-old distinguished attorney and decorated Army veteran who served his country honorably in Afghanistan. Born and raised in Takoma Park, Maryland, he is the devoted father of a five-year-old daughter who, like him, has spent her entire life in the D.C. metropolitan area. He has a spotless record, a record of public service, and a reputation for integrity that stands in stark contrast to the government's unfounded allegations. At the detention hearing, the Magistrate Judge rightly rejected the government's arguments regarding Mr. Bryant's supposed dangerousness, observing that there was no evidence—apart from the charges themselves—indicating any present threat to the community. Under *United States v. Munchel*, the government has utterly failed to satisfy its burden of proving by clear and convincing evidence that Mr. Bryant poses any danger. In truth, his record and character make the government's position appear not just weak, but indefensible.

### 4. The Nature and Seriousness of the Danger to Any Person or the Community Posed by Mr. Bryant's Release

Similarly, the government has not and cannot provide clear and convincing evidence to support a finding that Mr. Bryant would be a danger to the community if

released.  First, the dangerousness analysis "does not turn on any generalized, backward-looking assessment" of the offender or the crime.  *Munchel*, 991 F.3d at 1286 (Katsas, J., concurring).  "Instead, it turns on a specific, forward-looking assessment of whether" the individual "currently pose[s] an unmitigable threat to public safety."  *Id*.  The government has not and cannot provide specific evidence to support a finding that Mr. Bryant currently poses an unmitigable threat to public safety.  Conditions of release, such as prohibiting possession of firearms or dangerous weapons as Magistrate Faruqui ordered here, can ensure the safety of the community.

**B.  Past Similar Cases That Resulted in Pre-trial Release**

Counsel would be remiss not to highlight that, in scores of January 6 cases involving defendants with far less distinguished records—many of whom engaged in conduct far more egregious and fully documented on video—the government did not seek pretrial detention. By contrast, here, the government insists on detention for Mr. Bryant, whose service, professional achievements, and spotless record stand in stark contrast to those other defendants. The question is unavoidable: what justifies this stark and selective treatment?

                                            Respectfully submitted,

                                            A. J. KRAMER
                                            FEDERAL PUBLIC DEFENDER

                                            _____/s_____
                                            ALEXIS GARDNER
                                            Assistant Federal Public Defender
                                            625 Indiana Avenue, NW, Suite 550
                                            Washington, D.C. 20004
                                            (202) 208-7500
                                            Alexis_Gardner@fd.org